**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| CLEVELAND GREENWOOD, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:08-CV-32-PRC |
| ) | |
| UNITED STATES STEEL CORPORATION ) | |
| and UNITED STEELWORKERS OF AMERICA, ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Default Judgment and Additional Sanctions against Defendant United States Steel Corporation [DE 55], filed by Plaintiff on November 4, 2010. In the instant Motion, Plaintiff requests default judgment against Defendant United States Steel Corporation ("U.S. Steel") or other sanctions, including payment of Plaintiff's reasonable expenses in bringing this Motion and other sanctions the Court deems appropriate, due to U.S. Steel's failure to disclose documents. There are two categories of documents at issue in his motion: an Incentive Application and a Last Chance Agreement. The Court will consider each in turn.

**ANALYSIS**

**A. Incentive Application**

On August 31, 2010, after discovery was closed in this case, this Court entered an Opinion and Order granting in part and denying in part Defendant U.S. Steel's Motion for Summary Judgment. On September 21, 2010, Counsel for Defendant U.S. Steel alerted Plaintiff of a document that had come to Counsel's attention after discovery had ended. The document, an Incentive Application and related agreements implementing it, was produced to Plaintiff on October 16, 2010.

Because of Defendant U.S. Steel's late production of the Incentive Application, Plaintiff argues that sanctions are appropriate. Rule 37(c)(1) provides, in part,:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). Rule 26(e) provides, in relevant part:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e). The possibility of making future supplemental disclosures as required by Rule 26(e) does not excuse a party from making full initial disclosures as required by Rule 26(a). The exclusion under Rule 37(c)(1) is automatic and mandatory unless the offending party can show that its violation was justified or harmless, and the determination of whether the Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the trial court. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003) (citing *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998); *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

Plaintiff characterizes the document as altering the production standard that was used as the basis to fire Plaintiff from his employment. He argues that, as such, it is relevant to the central issues of the case and failure of Defendant U.S. Steel to produce it earlier was in violation of the Federal Rules of Civil Procedure and warrants sanctions. Defendant U.S. Steel characterizes the document as addressing incentive payments for increased production. Because the document did not address the existing production quota, neither Defendant U.S. Steel nor Defendant United Steelworkers of America (the "Union") considered it relevant to the central issues in the case. Defendant U.S. Steel asserts that it produced the document as soon as Counsel was made aware of it, and notes that the

Union knew about and possessed the document as well, but did not believe it to be responsive to Plaintiff's discovery requests.

If the Incentive Agreement does not address the existing production quota, as argued by Defendant, then Defendants' failure to produce it earlier is of little or no consequence. If, instead, the Incentive Agreement is as Plaintiff characterizes, then it appears to the Court that it would be beneficial to Plaintiff at trial in order to show conflict over the quota and changing terms of the production standards. Due to its potential benefit to the moving party, the Court will not exclude the document, but will allow discovery to be briefly re-opened, limited to issues fairly raised in relation to the Incentive Application and related agreements implementing it. Such discovery must be completed by January 21, 2011. To the extent that Plaintiff has concerns about witness testimony regarding the Incentive Application documents, these concerns are also addressed by the re-opening of discovery.

**B. Last Chance Agreement**

Plaintiff is also concerned about a Last Chance Agreement, listed as an exhibit by Defendant U.S. Steel. However, U.S. Steel states that it has not located the document, and that the evidence of its existence came in an affidavit executed by Plaintiff. U.S. Steel merely included the Agreement on its exhibit list in case a copy comes to light before trial. Plaintiff argues that U.S. Steel should know if the Agreement actually existed. It ascribes any failure to discover the document to Defendant U.S. Steel's failure to conduct diligent discovery.

Although Plaintiff was first aware of the possibility that this document exists, it appears that the document would be in the control of Defendant U.S. Steel. As U.S. Steel has not yet produced it, it is excluded from use at trial.

**C. Other Sanctions**

Federal Rule of Civil Procedure 37 provides that the party successfully opposing a discovery motion can recover "its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). In the Seventh Circuit, the rule "presumptively requires every loser to make good the victor's costs." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). "In determining a reasonable apportionment of fees, the court will look to the relative degree of success of the party seeking fees." *McGrath v. Everest National Ins. Co.*, 2:07 cv 34, 2008 WL 4261075, at *1 (N.D. Ind. Sept. 11, 2008). "However, the degree of success in the motion to compel is not the sole determinant when proportioning fees. The court also will look to the degree to which the objecting party was justified in refusing greater cooperation." *Id.* "District courts possess wide latitude in fashioning appropriate sanctions and evaluating the reasonableness of attorney's fees requested." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Neither party was entirely successful in this Motion. The Court determines that, in this case, an award of attorneys fees is not warranted.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Motion for Default Judgment and Additional Sanctions against Defendant United States Steel Corporation [DE 55]. The Court **ORDERS** that discovery be reopened until **January 21, 2010**, limited to the issues fairly raised and related to the Incentive Agreement.

SO ORDERED this 8th day of December, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record